# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EARNELL BROWN | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-6579 |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PORTILLO'S HOT DOGS, LLC | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the Plaintiff, EARNELL BROWN ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, PORTILLO'S HOT DOGS, LLC ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Elgin, Illinois.

5. On information and belief, Defendant is a corporation of the State of Illinois whose principal place of business is located in Oak Brook, Illinois.

6. Plaintiff and Defendant are "persons" as defined in 42 U.S.C. § 2000e(a).

7. Defendant is also an "employer" as defined in 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8. Plaintiff is also an "employee" as defined in 42 U.S.C. § 2000e(f), as he is an individual who was at all relevant times employed by Defendant, an employer.

9. Plaintiff's beliefs as set forth below constitute aspects of a "religion" as defined in 42 U.S.C. § 2000e(j), as they include aspects of religious observance and practice, as well as belief.

## BACKGROUND FACTS

10. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2017-01651, with the Equal Employment Opportunity Commission ("EEOC") on January 18, 2017.

    b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on June 14, 2017.

11. On or about July 10, 2016, a representative of Defendant, Elizabeth Hernandez ("Hernandez"), interviewed Plaintiff about an open position with Defendant.

12. Plaintiff expressed to Hernandez that due to religious reasons, he would not be able to work on Sundays.

13. Hernandez told Plaintiff that she needed someone to fill the open position and that she would figure out a schedule that could accommodate Plaintiff's request.

14. Hernandez offered Plaintiff and he began his employment with Defendant on July 18, 2016.

15. Plaintiff's most recent position with Defendant was as a char-grill cook.

16. Throughout his employment with Defendant, Plaintiff performed the duties of his jobs to all legitimate expectations.

17. During or about July of 2016, Plaintiff noticed that he had been placed on the schedule to work on a Sunday.

18. Plaintiff approached Hernandez about the scheduling issue and reminded her that she had told him she would accommodate his request not to be schedule to work on Sundays. Hernandez told Plaintiff that she had never agreed to such an accommodation and that if Plaintiff would not work that Sunday, he had to go home immediately.

19. Hernandez also told Plaintiff that he needed to leave the building because she was terminating him for refusing to work a scheduled shift. In order to eject Plaintiff from the building, Hernandez physically led him out and then pushed Plaintiff by his lower back.

20. Plaintiff immediately contacted Mike Caponte ("Caponte"), a representative of Defendant's human resources department.

21. Plaintiff reported the incident to Caponte who told Plaintiff he would attempt to speak with Hernandez.

22. Before Plaintiff left the building grounds to go home, Hernandez approached him and asked him if he was ready to return to work.

23. Plaintiff again informed Hernandez of his need for a religious accommodation to not be required to work on Sundays. Hernandez invited him to return to work regardless.

24. Plaintiff accepted Hernandez's invitation to return to work.

25. During or about July of 2016, Plaintiff spoke with other members of the store's management team about his need for a religious accommodation. Plaintiff was consistently told that the only person capable of granting the accommodation was Hernandez.

26. Hernandez repeatedly told Plaintiff that she did not have any forms for requesting religious accommodations.

27. On or about July 31, 2016, Plaintiff drafted his own form to request a religious accommodation, but Hernandez refused to accept it.

28. Plaintiff reported Hernandez's refusal to accept his religious accommodation request to the corporate hotline used for reporting employee complaints.

29. Plaintiff reported his complaints about Hernandez to the corporate trainer with who he had worked, Tom (last name unknown) ("Tom").

30. Subsequent to these events, Hernandez regularly targeted Plaintiff due to his religious beliefs.

31. For example, during or about August of 2016, Hernandez asked Plaintiff why there was no sauerkraut on the line. Plaintiff said he could not refill the condiment due to other responsibilities, and respectfully asked Hernandez to give him some room to do his work.

32. Hernandez responded to Plaintiff, "For a Christian, you sure have an attitude."

33. Plaintiff reported these and other disparaging comments by made by Hernandez to Tom, but no action was taken by Defendant of which Plaintiff is aware.

34. During or about September of 2016, Plaintiff reached out to Hernandez to speak to her about team morale.

35. Hernandez instead analogized the work they were doing to a war, and told Plaintiff that if he and the other employees were too stupid to do their jobs, then she did not need them working there.

36. Plaintiff again reported these disparaging remarks again to Tom, but no action was taken by Defendant of which Plaintiff is aware.

37. During or about September and October of 2016, Hernandez would regularly send Plaintiff home early for no reason and allow other employees to work Plaintiff's shifts.

38. On or about October 8, 2016, Hernandez put her fists in Plaintiff's face as if to physically threaten Plaintiff.

39. Plaintiff reported this incident to Defendant's corporate office and was told by Caponte that this and Plaintiff's other grievances were being investigated.

40. On or about October 18, 2016, Defendant terminated Plaintiff's employment.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 40 above as if fully reiterated herein.

42. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to his religion, Christian, and his race, African-American.

43. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, he was subjected to religious discrimination and retaliation in that his supervisor treated him in a manner that created a hostile work environment, as set forth above.

44. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

45. Defendant, through its employees, agents and/or authorized representatives, knew that its termination and discriminatory treatment of Plaintiff because of his religion and race violated Title VII.

46. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his religion with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him but for Defendant's unlawful and illegal discriminatory acts and practices.

47. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff, EARNELL BROWN, respectfully prays this Honorable Court enter judgment against Defendant, PORTILLO'S HOT DOGS, LLC, as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of Title VII;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of religion and race;

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

EARNELL BROWN

By: /s/ David B. Levin
      Attorney for Plaintiff
      Illinois Attorney No. 6212141
      Law Offices of Todd M. Friedman, P.C.
      111 West Jackson Blvd., Suite 1700
      Chicago, IL 60604
      Phone: (312) 212-4355
      Fax: (866) 633-0228